## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| Latrecia Finley,<br><br>   Plaintiff,<br><br>vs.<br><br>Radius Global Solutions,<br><br>   Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT & JURY DEMAND

NOW COMES the Plaintiff, LATRECIA FINLEY, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692 et seq.

### VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Jacksonville, County of Duval, State of Florida.

3. Venue is proper in the Middle District of Florida.

### PARTIES

4. Plaintiff is a natural person residing in the City of Jacksonville, County of Duval, State of Florida.

5. Defendant is a foreign corporation that conducts business in the State of Florida.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer debt from Plaintiff allegedly owed by Plaintiff to a third party ("the alleged debt").

7. Plaintiff disputes the alleged debt.

8. Sometime prior to August 3, 2023, Plaintiff obtained her credit disclosures and noticed Defendant reporting the alleged debt. Shortly thereafter, Plaintiff disputed the alleged debt to Defendant.

9. On or about August 3, 2023, Plaintiff obtained her Experian credit disclosure and noticed that Defendant reported the alleged debt as "previously in dispute."

10. On or about August 7, 2023, Plaintiff sent Defendant another letter and again disputed the alleged debt. In her letter, Plaintiff explained that she disputed the alleged debt to Defendant, that Defendant is falsely reporting the alleged debt as resolved, and that Defendant's reporting is false because Plaintiff still disputes the alleged debt.

11. Defendant received Plaintiff's letter on or about August 14, 2023.

12. On or about September 22, 2023, Plaintiff obtained her Experian credit disclosure, which showed that Defendant updated its tradeline on August 29, 2023, but that Defendant continued to report the alleged debt as "previously in dispute."

13. Defendant reported false credit information about Plaintiff by reporting that Plaintiff previously disputed the alleged debt and/or that the dispute was resolved, rather than correctly reporting that Plaintiff currently disputes the alleged debt.

14. In addition to being false, Defendant's reporting of the alleged debt negatively impacts Plaintiff's credit scores and creditworthiness.

15. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to report the alleged debt as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing, and credit for her day-to-day needs. Her credit report continues to be damaged due to Defendant's failure to correctly report the alleged debt as disputed. Plaintiff has suffered emotional damages such as stress, anxiety and depression, and other forms of emotional distress. Plaintiff also suffered physical harms such as loss of sleep, inability to concentrate, and stress headaches from worrying about the harm to her credit caused by Defendant.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue is a consumer debt.

20. Defendant is a "debt collector" as defined by the FDCPA.

21. Defendant's foregoing acts in attempting to collect the alleged debt violated the FDCPA at 15 U.S.C. § 1692e(8) by reporting credit information which Defendant knew to be false, including the failure to communicate that a disputed debt is disputed.

22. Plaintiff has suffered harm at the hands of Defendant as this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

23. Defendant's failure and/or refusal to report the alleged debt as disputed in Plaintiff's credit files is humiliating and embarrassing to Plaintiff, as it creates a false impression to users of her credit reports that she has simply ignored the alleged debt when, in fact, she disputes its validity.

24. As a direct and proximate cause of Defendant's negligent failure to perform its duties under the FDCPA, Plaintiff has suffered stress, anxiety, depression, and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep, inability to concentrate, and stress headaches.

WHEREFORE, PLAINTIFF PRAYS that this Court grant her a judgment against Defendant for actual damages, statutory damages, costs, interest, and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated this 22nd day of January 2024.

*/s/ Farheen Jahangir*
Farheen Jahangir, Esq.
Florida Bar # 107354
Hardin Thompson PC
6750 N. Andrews Avenue, Suite 200
Fort Lauderdale, FL 33309
Telephone: (844) 639-9170
fjahangir@hardinlawpc.net

*Attorneys for Plaintiff*